IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE TURNER, §<br>#00892273, §<br>　　Petitioner, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>　　Respondent. § | No. 3:22-cv-02872-B (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Bruce Turner's letter motion under Rule 60(b). (ECF No. 13.) For the reasons stated, the Court should GRANT Turner's motion and reopen this case.

I.

On December 20, 2022, the District Court construed Turner's letter request for time credit as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 3); *see also United States v. Turner*, 3:20-cr-250-B-2. Two days later, the Court issued a Notice of Deficiency and Order (NOD), directing Turner to pay the filing fee or file a motion for leave to proceed *in forma pauperis* and to file his pleadings on the court-approved form for habeas cases. (ECF No. 5.) The Order further informed Turner that failure to respond and cure the deficiencies by January 23 could result in a recommendation that his case be dismissed.

On January 9, the Court received the NOD marked "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD, RETURN TO SENDER." (ECF No. 6.) Accordingly, the magistrate judge issued findings and conclusions, recommending that the District Court dismiss Turner's case without prejudice under Federal Rule of Civil Procedure 41(b). FCR (ECF No. 8). Turner did not file objections, and on January 25, the District Court accepted the magistrate judge's recommendation and entered judgment. Ord. (ECF No. 9); J. (ECF No. 10).

Then, on March 16, Turner filed his post-judgment letter motion addressed to the magistrate judge. (ECF No. 13.) In it, he argues that there have been "seriou [sic] mistakes [sic] concerning [his] whereabouts." Mot. 1 (ECF No. 13). Specifically, Turner contends that he was transferred from Federal Correctional Institution (FCI) Seagoville within the Bureau of Prisons (BOP) to the Texas Department of Criminal Justice (TDCJ) on December 22, 2022. *Id.* He further contends that following his transfer from the BOP to TDCJ, he has "not received any type of notices since [he] [has] been here, no mail or et [sic] letters." *Id.* Turner thus moves to reopen this habeas case.

II.

A court evaluates a motion seeking reconsideration of a prior ruling under either Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Court determines which rule

to apply based on when the motion is filed. *Id.* If the party files his motion within 28 days after the entry of judgment, the Court evaluates the motion under Rule 59, but if the party filed it beyond that time period, the Court analyzes the motion under Rule 60. *Id.* Turner filed his motion on March 16, 2023, which is more than 28 days after the entry of judgment. The Court therefore evaluates his motion under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2

3

(N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

Turner contends that there was a "mistake" which resulted in dismissal of his case, and it should now be reopened. *See* Fed. R. Civ. P. 60(b)(1). Specifically, he contends that he was transferred from FCI Seagoville to TDCJ custody on December 22, 2022. Then, following his transfer to TDCJ, he did not receive any letters or notices—including the Court's NOD.

A lack of notice may serve as a basis for granting relief under Rule 60(b)(1). *See Quilling v. Schonsky*, 247 F. App'x 583, 587 (5th Cir. 2007). And the Fifth Circuit Court of Appeals has regularly found "excusable neglect" under Rule 60(b)(1) when, through inadvertence, a party or its attorney has failed to respond to a dispositive motion. *McKenzie v. Principi*, 2003 WL 22964867, at *2 (5th Cir. 2003) (per curiam) (citing *Halicki v. La. Casino Cruises*, 151 F.3d 465, 470 (5th Cir. 1998); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 399 (5th Cir. Unit A Jan. 1981); *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam)); *see also Hawkins v. Wells Fargo Home Mortg.*, 2012 WL 5471134, at *1 (N.D. Tex. Nov. 9, 2012) (granting Rule 60(b) motion where the notice of impending dismissal was mailed to the correct address, but the movant had been evicted); *Reichardt v. BAC Home Loans Servicing, LP*, 2012 WL 2935894, at *1 (E.D. Tex. June

4

12, 2012) (granting Rule 60(b) motion where the movant failed to receive the court's notices), *rec. accepted*, 2012 WL 2935550 (E.D. Tex. Jul. 18, 2012).

On December 22, 2022, the Court issued Turner a NOD instructing him to pay the filing fee or file a motion for leave to proceed *in forma pauperis* and to file his pleadings on the court-approved form for habeas cases. The NOD was returned to the Court as undeliverable. Thereafter, the magistrate judge issued findings and conclusions, recommending that Turner's case be dismissed without prejudice under Rule 41(b), and the Court ultimately adopted that recommendation and dismissed Turner's case under Rule 41(b). But Turner never received the Court's NOD because the Court sent it to FCI Seagoville. The same day the Court mailed the NOD to FCI Seagoville, Turner was transferred to TDCJ custody. He never received notice of the Court's NOD, and he did not have an opportunity to comply with it prior to the dismissal of this case.

Accordingly, the dismissal of Turner's case under Rule 41(b) was the result of a "mistake," and he is entitled to relief under Rule 60(b)(1).

## RECOMMENDATION

The Court should GRANT Turner's Rule 60(b) motion (ECF No. 13) and reopen this case.

Upon reopening, Turner must pay the filing fee or file a motion for leave to proceed *in forma pauperis* and he must file his pleadings on the court-

5

approved form for habeas cases.[1] The Clerk of Court will mail Turner (i) a form application to proceed *in forma pauperis* and (ii) a form § 2241 petition for a writ of habeas corpus.

**SO RECOMMENDED**.

July 6, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] A six-month certificate of inmate trust account is required for *in forma pauperis* determination.