IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE TURNER, § | |
| #00892273, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:22-cv-02872-B (BT) |
| § | |
| USA, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Court opened this habeas action under 28 U.S.C. § 2241 after Bruce Turner, proceeding *pro se*, filed a letter request for time credit in *United States v. Turner*, Case No. 3:20-cr-250-B-2. (ECF No. 4.) However, the Court should now dismiss this action without prejudice pursuant to [Federal Rule of Civil Procedure 41(b)](#) due to Turner's continued failure to obey court orders and prosecute his lawsuit.

I.

After opening the case, the Court sent Turner various forms and orders, but that mail was returned to the Court as undeliverable. Accordingly, the United States magistrate judge issued findings and conclusions, recommending Turner's case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). FCR ([ECF No. 8](#)). Turner did not file objections; and, on January 25, 2023, the District Court accepted the

1

magistrate judge's findings and recommendation and entered judgment. Ord. (ECF No. 9); J. (ECF No. 10).

In March, however, Turner filed a letter asking the Court to reopen his case because he failed to receive any mail from the Court after he was transferred from the Bureau of Prisons (BOP) custody to the Texas Department of Criminal Justice (TDCJ). (ECF No. 13.) The magistrate judge issued findings and conclusions, recommending the Court construe Turner's post-judgment motion to reopen as a Rule 60(b) motion and reopen the case. FCR (ECF No. 17). When Turner did not file objections, the Court accepted the magistrate judge's recommendation and reopened the case. (ECF No. 18).

The Court then directed Turner to pay the filing fee or file a motion for leave to proceed *in forma pauperis* (IFP) and to file his pleadings on the court-approved form for habeas cases. *Id.* The Court also provided Turner with the form for a motion for leave to proceed IFP and the form petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.*

Turner filed an amended petition on the court-approved form and an IFP motion. (ECF Nos. 19, 20.) But these filings were deficient. On the amended petition, in the space provided for Turner's claims, he merely wrote "Don't understand." Am. Pet. 5-6 (ECF No. 19). And he did not complete the financial affidavit or submit a six-month certificate of inmate

2

trust account in support of his IFP motion. He also failed to sign the amended petition or the IFP motion.

Therefore, the Court sent Turner a magistrate judge's questionnaire (MJQ) to obtain more information about his claim that he was denied credit for time spent in pretrial detention in Case Number 3:20-cr-250-B-2 (ECF No. 21) and a Second Notice of Deficiency and Order (ECF No. 22) directing him to pay the filing fee or file a signed IFP motion with a completed financial affidavit, file a certificate of his inmate trust account, and file a properly-completed, signed petition. The Order further informed Turner that failure to respond and cure the deficiencies by September 25 could result in a recommendation that this case be dismissed.

On August 30, Turner filed a response to the MJQ, but it is still insufficient to allow the Court to screen his case. (ECF No. 23.) And, to date, Turner has not filed a properly-completed, signed petition or a signed IFP motion; nor has he filed his certificate of inmate trust account.

In view of these circumstances, the Court should dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b).

II.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam));

*accord* Nottingham v. Warden, Bill Clements Unit, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); Rosin v. Thaler, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash, R.R. Co., 370 U.S. 626 (1962)).

Here, after multiple opportunities to comply, Turner has failed to file a properly-completed, signed petition or a signed IFP motion and certificate of inmate trust account. This litigation cannot proceed until Turner cures these deficiencies.

Turner's amended *pro se* petition is almost entirely incomplete. (ECF No. 19.) Turner states that his amended petition concerns each of the following: "pretrial detention," "a prison disciplinary proceeding," "parole or mandatory supervision," and "time credits." *Id.* at 2. Turner further states that he is seeking "credit for time no[t] given during sentence." *Id.* When asked whether he filed an appeal, Turner states that he is raising a claim regarding "time credit from when it started Feb 5, 2020 – Dec 2023." *Id.* at 4. Where the amended petition form requires Turner to set forth his claims, he responded, "Don't understand." *Id.* at 5-6. The Court cannot perform its judicial screening function on Turner's unsigned, incomplete submission.

Nor do Turner's responses to the questions on the MJQ provide sufficient information to screen his claims. Turner provided the dates the Court requested (ECF No. 23 at 1), but he failed to explain why he was entitled to federal sentence credit going back to February 6, 2020. Turner merely states that he was arrested and questioned by state and federal agents on February 6, 2020, but he does not explain whether it was state or federal custody. Turner avers that he was "locked up" in Dallas County, Limestone County, and he has also spent time in Seagoville, a federal prison. (ECF No. 23 at 2.)

Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Turner's amended petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 13, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).